## Burk's Estate

108

110

112

*John S. Gossling,* of *Moore, Gossling & Panfil,* for exceptant.

*Edward Clark Lukens,* of *Adams, Child, McKaig & Lukens,* contra.

SINKLER, J., December 1, 1938.—The able argument. presented in behalf of exceptant fails to convince us that the auditing judge erred in his conclusions. The adjudication displays deep study of the subject of adoption and no attempt is made to elaborate the topic. From a sociological aspect adoption by deed is undesirable, for by this method there is no occasion to question whether the foster parent be worthy or his motive proper.

The foregoing is a sufficient expression of our views respecting the adjudication. At the argument before the court in banc a contention was made in behalf of exceptant which had not been made before the auditing judge. It is to this effect: That, conceding that there was no adoption, the contract between decedent and the purported adoptive parent was of such a nature as to vest in each party thereto a right of inheritance in the estate of the other. Exceptant contends that the auditing judge erred in failing to hold that the contract in question was a valid and binding contract entered into by decedent which inured to the benefit of the heirs of Samuel Burk.

Analysis of the agreement does not reveal any covenant sufficiently explicit to vest in either party rights of inheritance in the estate of the other. The preambles are, in substance, that Samuel Burk had adopted, in fact but not in law, Alan R. H. Burk; that the latter had reached his majority; and that both parties desire that he retain the use of his name. The agreement proceeds, that Samuel Burk consents that decedent may use the name of Burk, to the same effect as though he had been lawfully adopted as a child of Samuel Burk, and he is joined for the purpose of expressing his consent to all the covenants therein contained. The agreement concludes, "Both parties hereby waive and relinquish any and all rights which might or could be lost by reason of the adoption aforesaid not having been made as the laws provide". The concluding words of this clause are not quoted, because the adjudication contains the correct construction thereof. In reliance upon the words quoted, claimant must convince us that the parties thereby mutually covenant that each should have the right of inheritance from the other. What the words quoted mean, whatever the parties may have intended, seems at the first impression impossible to determine. The phrase may be paraphrased, insofar as the decedent has covenanted, as follows:

Alan R. H. Burk surrenders such rights as are forfeited by legal adoption. These include the right to use his patronymic title, inheritance from or through his natural parents. The phrase cannot through the most liberal construction be interpreted as a covenant by decedent to bestow upon the other party to the agreement the right to inherit his estate.

Upon careful consideration of the whole agreement, it is apparent that the intent therein expressed is the continued use of the surname, Burk, by decedent, and not the bestowal of rights of inheritance.

The exceptions are dismissed and the adjudication is confirmed absolutely.